UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**    **The Court GRANTS the motion for final approval and GRANTS the motion for attorneys' fees.**

Before the Court are two motions: (1) a motion for final approval of class action settlement, *see generally* Dkt. # 33 ("*Final Approval Mot.*"); and (2) a motion for attorneys' fees and costs filed by Plaintiff Michelle Nourian Martinez ("Plaintiff"), *see generally* Dkt. # 34 ("*Fees Mot.*"). Defendant Helzberg's Diamond Shops, Inc. ("Defendant") does not oppose. The Court held a hearing on the matter on September 24, 2021. Having considered the moving papers, as well as the arguments at the hearing, the Court **GRANTS** the final approval motion and **GRANTS** the motion for attorneys' fees.

I.    Background

Defendant is a nationwide retail jewelry store chain. *First Amended Complaint*, Dkt. # 20 ("*FAC*"), ¶ 22. On May 27, 2020, Plaintiff sued on behalf of herself and other similarly situated retail store managers in Defendant's employ. *See generally* Dkt. # 1. Plaintiff alleges that Defendant misclassified its retail store managers as "exempt employees," resulting in numerous violations and penalties: (1) failure to pay minimum, straight time, and overtime wages; (2) meal and rest period violations; (3) inaccurate wage statements; (4) waiting time penalties; (5) unfair business practices; and (6) Private Attorney General Act ("PAGA") Penalties. *See generally id.*

Shortly after beginning formal discovery, the parties agreed to mediate. *Declaration of Ryan L. Hicks*, Dkt. # 30-1, ¶ 3. On February 5, 2021, the parties participated in a full-day mediation session before Mediator Steve Pearl. *Id.* ¶ 4. Both parties submitted briefs summarizing their evidence, the state of the law, and potential individual and class-wide exposure. *Id.* Defendant maintained that no class could be certified and that it would also prevail on the merits against Plaintiff and any other putative class members. *Id.* After arm's-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

length negotiations, and with the help of Mr. Pearl, the parties principally settled the matter and later drafted the Joint Stipulation of Class Action and PAGA Settlement Agreement ("Settlement Agreement" or the "Settlement") now before the Court. *Id.*

Plaintiff sought preliminary approval of the Settlement, *see generally Motion for Order of Preliminary Approval*, Dkt. # 30, which the Court granted, *see generally* Dkt. # 31. Specifically, the Court (1) preliminarily approved the Settlement Agreement; (2) certified the Class for settlement purposes; (3) approved the proposed plan to give Class Notice; (4) appointed Hoyer & Hicks as Class Counsel; (5) appointed Plaintiff as Class Representative; and (6) appointed Simpluris as the Settlement Administrator. *Id.* at 7, 17.

The Court also ordered Plaintiff to file additional memoranda to supplement the motion for final approval. *Id.* at 17–18. Specifically, the Court ordered Plaintiff to: (1) justify the requested departure from the 25% benchmark under the *Vizcaino* factors; (2) provide the requested hourly rates and hours expended in this case along with a detailed summary of costs and expenses; and (3) justify Plaintiff's service award. *Id.*

Simpluris, the appointed Settlement Administrator, sent Class Notice to the Class on June 21, 2021. *Declaration of Richard A Hoyer*, Dkt. # 33-1 ("*Hoyer Final Approval Decl.*"), ¶ 11. The deadline for Class Members to submit a request for exclusion, objection, or dispute was August 5, 2021. *Declaration of Megan Brunner*, Dkt. 33-2, ¶ 15. Simpluris did not receive any requests for exclusion, objections, or disputes. *Id.* ¶¶ 16–18.

Plaintiff now moves for an order: (1) granting final approval of the Settlement Agreement; (2) approving the requested attorneys' fees and costs; and (3) entering final judgment in accordance with the terms of the Settlement. *See Final Approval Mot.* 21:9–22:22; *Fees Mot.* 25:2–5.

II.     Final Approval of the Settlement Agreement

    A.     Overview of the Settlement Agreement

The settlement class (the "Class" or "Class Members") is defined as:

> [A]ll current and former employees of Defendant who worked as a Store Manager at any time in the State of California from April 6, 2016 through the date of the Court's order granting preliminary approval of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

      this Settlement Agreement, or ninety (90) days after the execution of
      this agreement, whichever is earlier.

*Joint Stipulation of Class Action and PAGA Settlement Agreement*, Dkt. # 33-1, Ex. 1 ("*Settlement Agreement*"), ¶ 2.

      Under the Settlement Agreement, Defendant will deposit $475,000 ("Maximum Settlement Amount") in a "Qualified Settlement Fund." *Id.* ¶¶ 18, 28. This amount is made up of (1) Class Counsel's attorneys' fees of up to $158,333, *id.* ¶ 54(c)(i); (2) Class Counsel's costs of up to $10,000, *id.*; (3) a Service Award for Plaintiff of $10,000, *id.* ¶ 54(b)(v); (4) PAGA payment of $7,500 to the California Labor and Workforce Development Agency ("LWDA"), *id.* ¶ 23; and (5) settlement administration costs of up to $10,000, *id.* ¶ 54(e).

      The "Net Settlement Amount" is the remainder of the Maximum Settlement Amount after the deduction of Class Counsel's fees and expenses, the service award, PAGA payments to the LWDA, and administrative costs. *Id.* ¶ 19. Uncashed checks issued from the Net Settlement Amount "will be tendered to the State Controller's Office Unclaimed Property Fund in the name of Settlement Class Members who did not cash their settlement checks." *Id.* ¶ 54(b)(iv).

      Each Class Member will be entitled to a pro rata share of the Net Settlement Amount. *Hoyer Final Approval Decl.* ¶ 40. Any Class Member who does not timely opt out becomes a "Settlement Class Member." *Settlement Agreement* ¶ 36. Individual Settlement payments will be awarded to Class Members from the Net Settlement Amount based on the number of workweeks each Settlement Class Member worked divided by the total workweeks for all Settlement Class Members, resulting in a Payment Ratio for each individual Settlement Class Member. *Id.* ¶ 54(b)(i). Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's estimated Individual Settlement Payment. *Id.* The average pre-tax Individual Settlement Payment will be approximately $9,200.00. *See Hoyer Final Approval Decl.* ¶ 71.

      Simpluris will mail Individual Settlement Payment checks to Class Members. *See id.* ¶ 32. Simpluris will also send a reminder to any Class Members who have not cashed their checks within 120 days of issuance. *Id.* n.3. Any checks that remain uncashed after 180 days will be canceled and transmitted to the State of California Unclaimed Property Fund in the names of the Settlement Class Members who did not cash their settlement checks. *Id.* ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

By cashing their checks, each Class Member agrees to release Defendant from "all claims and causes of action alleged in the Action and the PAGA letter," all predicate claims alleged and reasonably alleged based on the facts and law of the case, and all claims for civil PAGA penalties. *Id.* ¶¶ 29, 54(b)(i). Plaintiff individually agrees that she will release Defendant from the same claims as well as "any and all claims relating to or arising from Plaintiff's employment with Defendant." *Id.* ¶ 46. Plaintiff also waives "any and all claims, rights or benefits [Plaintiff] may have under California Civil Code § 1542." *Id.*

B. **Legal Standard**

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

In determining whether a settlement is fair, reasonable, and adequate, the court must:

> balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement.

*Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list"). Additionally, under Rule 23(e), the Court must "scrutinize the fee arrangement for potential collusion of unfairness to the class" by analyzing three factors: (1) whether counsel "receive[d] a disproportionate distribution of the settlement;" (2) whether the parties agreed to a "clear sailing arrangement;" and (3) whether the settlement includes a "kicker" or "reverter" clause. *See Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021).

The district court must approve or reject the settlement—as a whole—after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

fairness."). The court may not delete, modify, or rewrite particular provisions of the settlement. *See id.* A court should be cognizant that a settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

    C.    *Hanlon* Factors

        i.    *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) (internal quotation marks omitted). This factor generally weighs in favor of approval when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Here, Plaintiff asserts that the Class would have had to overcome numerous defenses on the merits. *Hoyer Final Approval Decl.* ¶ 39. Specifically, Defendant "asserted numerous complete liability defenses," many of which rested on damaging facts gathered from declarations from almost half of the Class. *Id.* ¶ 70.

Accordingly, Plaintiff's case may have been relatively weak given the significant obstacles she faced on the merits, and this factor weighs in favor of final approval.

        ii.    *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

Here, Plaintiff argues that, without a settlement, she would need go through expensive, lengthy, and risky litigation before certifying the Class. *See Final Approval Mot.* 16:18–17:5. Additional discovery would be necessary, including taking depositions and hiring experts. *Id.* 16:21–23. Class Counsel estimates that fees and costs would exceed $1 million if this case were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

to go to trial. *Id.* 16:20–21. Accordingly, because the Settlement Agreement eliminates the delay, costs, and uncertainty of further litigation, this factor supports final approval. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing.")

       iii.    *Risk of Maintaining Class Action Status Through Trial*

Plaintiff represents that Defendant identified several defenses against class certification that it would have raised in response to a motion to certify the class for trial. Specifically, Defendant contended (1) that the class was not adequately numerous at "over 30, nearly half of whom provided declarations to Defendant prior to the mediation that undermine certification," and (2) that individualized questions would predominate, particularly regarding whether each manager actually took meal breaks and whether the "nonexempt" classification was proper for each individual manager. *Id.* ¶¶ 39, 46, 70. Accordingly, because Defendant had at least two valid bases for contesting class certification, this factor favors final approval of the Settlement Agreement.

       iv.    *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotations omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by negotiators." *Id.* at 625. Rather, the settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a Gross Settlement Amount of $475,000, with a Net Settlement Fund of approximately $285,416 to go to Class Members. *See Final Approval Mot.* 13:21–23. The Gross Settlement Amount equals roughly 18% of Plaintiff's estimated non-PAGA damages, penalties, and interest, and roughly 11% of the total estimated damages including duplicative PAGA penalties. *Id.*; *Hoyer Final Approval Decl.* ¶ 18. This percentage is well within the range for final approval. *See Turner v. Motel 6 Operating L.P.*, No. CV 17-2544 PSG (SSx), 2018 WL 6977474, at *3 (C.D. Cal. Nov. 6, 2018) (approving a wage-and-hour class action settlement where the gross settlement amount was 6.8% of plaintiff's estimation of defendant's total maximum liability); *Khaled v. Library Sys. & Servs., LLC*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

CV 19-1478 PSG (KKx), 2021 WL 2366952, at *6 (C.D. Cal. May 14, 2021) (approving a wage-and-hour class action settlement where the gross settlement amount was 4.6% of plaintiff's estimation of defendant's total maximum liability); *Contreras v. Armstrong Flooring, Inc.*, No. CV 20-3087 PSG (SKx), 2021 WL _____, at *7–8 (C.D. Cal. July 6, 2021) (approving a wage-and-hour class action settlement where the gross settlement amount was 13.62% of plaintiff's estimation of defendant's total maximum liability).

Further, the parties reached this settlement after engaging in adversarial and arm's-length mediation. *See Final Approval Mot.* 17:17–23. The Court considered Plaintiff's uncontested opinion regarding the value and merits of this case during the preliminary approval stage and continues to find that the Gross Settlement Amount is appropriate in light of the challenges described above. *See* Dkt. # 31 at 12.

In sum, weighing the clear risks of ongoing litigation against the substantial recovery the Settlement provides for the Class, the amount offered in settlement is reasonable. *See Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *12 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members must "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"); *Vasquez*, 266 F.R.D. at 489 (noting that "the risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" is a relevant factor). Accordingly, this factor favors final approval of the Settlement Agreement.

    v.  *Extent of Discovery Completed and State of the Proceedings*

This factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of her case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases," and the more heavily this factor weighs in favor of final approval. *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, Class Counsel participated in brief formal discovery before mediation, informal discovery prior to mediation, and other independent investigation. *See Final Approval Mot.* 3:8–19. The discovery and investigation included, among other things, review of aggregate information regarding the total workweeks, wage rates, pay periods, and Class Members, as well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

as actual timekeeping data, payroll documents, and internal store staffing data to confirm other classwide data. *Id.* 3:8–14. Class Counsel also interviewed ten Class Members: two executed sworn declarations, four were willing to provide anonymous written statements, and one retracted a statement out of fear of retaliation. *Id.* 3:14–20. Further, the parties principally settled the matter after a full day of arm's-length negotiation before a mediator and further negotiated the terms of the Settlement Agreement after the fact. *Id.* 3:20–4:3. This suggests that Plaintiff had enough information to make an informed decision about the Settlement based on the strengths and weaknesses of the case. *See Johnson v. MetLife, Inc.*, No. SACV 13-128-JLS (RNBx), 2015 WL 1364553, at *6–7 (C.D. Cal. Mar. 19, 2018) (reasoning that informal discovery prior to settling supports approving class action settlement). As such, this factor weighs slightly in favor of granting final approval of the Settlement Agreement.

> vi.    *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

Here, Class Counsel has considerable experience handling class action cases, including wage-and-hour class actions. *See Hoyer Fees Decl.* ¶ 4. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting the case through trial and appeal. The Court accordingly credits Class Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

> vii.   *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

> viii.  *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

Cir. 2010); *Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, Class Notices were sent to all 31 Class Members and none returned as undeliverable. *Final Approval Mot.* 13:8–9. Not a single Class Member objected to the Settlement or opted out. *Id.* 19:1–4. The Court finds that this positive reaction weighs in favor of final approval.

        ix.    *Balancing the Hanlon Factors*

Having considered all of the *Hanlon* factors, the Court finds that all relevant factors favor final approval.

    D.    *Briseño* Factors

In *Briseño*, the Ninth Circuit stressed that, before approving class action settlements, district courts must look for signs that class counsel has pursued their own self-interests in the negotiations. *See* 998 F.3d at 1023. The court identified three "red flags" that are indicative of collusion between class counsel and the defendant: (1) if class counsel receives a disproportionate distribution of the gross settlement amount; (2) if there is a "clear-sailing" agreement; and (3) if any of the gross settlement amount reverts to the defendant. *See id.* The Court discusses each "red flag" in turn.

        i.    *Disproportionate Distribution of the Settlement*

One sign that class counsel has pursued their own self-interests over those of the class is if class counsel receives a disproportionate distribution of the gross settlement fund. *See Briseño*, 998 F.3d at 1023. For example, in *Briseño*, the court found that class counsel's receipt of $5.85 million of the $8 million gross settlement fund raised red flags, particularly because the class received less than $1 million. *See id.* at 1020.

Here, Class Counsel seeks $158,333.33, or 33% of the Gross Settlement Amount. *Fees Mot.* 1:24–25. This figure is much lower than the roughly 73% class counsel sought in *Briseño*.

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

Further, the Class here is expected to receive approximately $285,416—more than 60% of the Gross Settlement Amount. This is much higher than the less than 20% gross settlement amount offered to the *Briseño* class members. Accordingly, because Class Counsel did not receive a disproportionate distribution of the Gross Settlement Amount, this factor weighs in favor of approving the Settlement Agreement.

        *ii.*    *Presence of a "Clear-Sailing Arrangement"*

A settlement agreement contains a "clear-sailing arrangement" when "the defendant agrees not to challenge a request for an agreed-upon attorney's fee." *Briseño*, 998 F.3d at 1023. But the mere presence of such an agreement is not "an independent basis for withholding settlement approval." *Id.* at 1027

Here, there is a "clear-sailing" arrangement in the Settlement Agreement. *See Settlement Agreement* ¶ 54(c)(i) ("Defendant will not oppose an application for an award of attorney's fees not to exceed one one-third of the Maximum Settlement Amount . . . and reimbursement of actual costs and expenses."). However, because any funds not awarded to Class Counsel will go to the Class Members rather than Defendant, *see id.*, the other terms of the Settlement Agreement help offset the collusive concerns addressed in *Briseño*.

    Accordingly, this factor weakly indicates collusion or inappropriate self-interest but that is not, standing alone, dispositive. *See Briseño*, 998 F.3d at 1027.

        *iii.*    *Presence of a Reversionary Clause*

A reversionary clause is one that "returns unawarded fees to the defendant, rather than the class." *Briseño*, 998 F.3d at 1023. Here, there is no reversionary clause in the Settlement Agreement. Accordingly, this factor does not indicate collusion.

        *iv.*    *Briseño Conclusion*

Having considered each of the *Briseño* factors, the Court finds that the Settlement Agreement, on balance, was not collusive or based on inappropriate self-interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

E.     <u>Final Approval Conclusion</u>

Having concluded that the *Hanlon* factors favor final approval, and that the Settlement Agreement is appropriate under *Briseño*, the Court **GRANTS** Plaintiff's motion for final approval of the Settlement Agreement.

III.     <u>Attorneys' Fees, Costs, and Service Award</u>

Plaintiff moves for (1) $158,333.33 in attorneys' fees for Class Counsel, (2) reimbursement of $6,715 in actual costs incurred by Class Counsel, and (3) a $10,000 service award for Plaintiff. *See Fees Mot.* 1:2–4. The Court addresses each request in turn.

A.     <u>Attorneys' Fees</u>

    i.     *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that, after a class has been certified, the court may award reasonable attorneys' fees and nontaxable costs. The court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

    ii.     *Discussion*

Under the percentage-of-recovery method, courts typically use 25% of the fund as a benchmark for a reasonable fee award. *See In re Bluetooth Headset*, 654 F.3d at 942. The percentage can vary, however, and courts have awarded more or less than 25% of the fund in attorneys' fees as they deemed appropriate. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30% of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $158,333.33—i.e., 33% of the Gross Settlement Amount. *Fees Mot.* 1:2–4. Because Plaintiff asks the Court to depart from the benchmark of 25%, the Court must evaluate each of the five factors set out in *Vizcaino*. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017) (quoting *Staton*, 327 F.3d at 964). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check the reasonableness of the award using the lodestar method.

### a. Percentage of the Common Fund Method

When assessing the reasonableness of a fee award under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048–50).

### 1. Results Achieved

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1046. Here, given the participation rate, Plaintiff estimates each Settlement Class Member will receive an average of $9,206.99, and the maximum award will be $18,560.56. *Fees Mot.* 11:7–13. This is a significant recovery for participating Class Members. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (finding a favorable result where 56 claimant employees would receive an average recovery of $2,600); *Bravo v. Gale Triangle, Inc.*, No. 16-03347 BRO (GJSx), 2017 WL 708766, at *10 (approving an average per-member recovery of $389.81 in a wage-and-hour case). Accordingly, the Court finds that this result weighs in favor of an upward departure from the Ninth Circuit's 25% benchmark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

### 2. *Risk of Litigation*

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case).

As discussed above and at the preliminary approval stage, the Court agrees that continued litigation would have been risky given Defendant's expected defenses and challenges to class certification. Accordingly, this factor supports an upward departure.

### 3. *Skill Required and Quality of Work*

The Court also considers the skill required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. Here, Class Counsel has not provided particularly useful information regarding this factor, so the Court treats this factor as neutral.

### 4. *Contingent Nature and Plaintiff's Financial Burden*

Class Counsel took this case "wholly on a contingency basis, and [did] so at great risk of never receiving any compensation" while spending 258 hours and $6,715 litigating this matter. *Fees Mot.* 14:18–19; *Declaration of Richard A. Hoyer*, Dkt. # 34-1 ("*Hoyer Fees Decl.*"), ¶¶ 42, 51. Therefore, because Class Counsel faced the risk of walking away with nothing after investing substantial time and resources in this matter, the Court find that this factor favors an upward departure.

### 5. *Awards Made in Similar Cases*

The requested attorneys' fees are comparable to awards authorized in similar cases. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) (finding "nearly all common fund awards range around 30%"); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 WL 1369929, at *8 (N.D. Cal. Mar. 26, 2019) (awarding 30% of the common fund in TCPA case where average per-class-member recovery was $33.36); *Williams v. MGM-Path Commc'n Co.*, 129 F.3d 1026, 1026 (9th Cir. 1997) (awarding 33% of the $4.5 million settlement fund); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

at *29 (N.D. Cal. Apr. 1, 2011) (finding a 42% fee award appropriate). Accordingly, similar cases establish that an upward departure from the benchmark is appropriate here.

*6.     Balancing the* Vizcaino *Factors*

On balance, the *Vizcaino* factors support an upward departure from the 25% benchmark. However, the Court will cross-check the reasonableness of the upward departure using the lodestar method.

*b.     Lodestar Method*

The lodestar method is a way for the Court to cross-check the reasonableness of a fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel asserts that the current lodestar is $109,563.82, which is based on 258.44 hours spent on this case. *See Hoyer Fees Decl.* ¶ 49. In support, Class Counsel submitted timekeeping statements from the three attorneys and the law clerk who worked on the case. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

*id.* The Court has created the following table based on the hours and rates provided by Class Counsel and reached a corrected lodestar of $108,516.25.[1]

| Name | Title | CA Bar Admission | Hours | Hourly Rate | Fees |
|---|---|---|---|---|---|
| Richard Hoyer | Senior Partner | 1990 | 7.81 | $ 725.00 | $5,662.25 |
| Ryan Hicks | Partner | 2008 | 158.1 | $ 525.00 | $83,002.50 |
| Eisha Perry | Associate | 2019 | 29.86 | $ 350.00 | $10,451.00 |
| Zoe Canin | Law Clerk | N/A | 62.67 | $ 150.00 | $9,400.50 |
| **Total** | | | **258.44** | **N/A** | **$108,516.25** |

*1.     Rates*

When calculating the lodestar, the reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community." (internal quotations omitted)); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

The Court turns to the *2020 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate

---

[1] The discrepancy in fee calculations comes from an arithmetic error in Class Counsel's fee calculation for Ms. Perry. Because Class Counsel's billing statements were off by $1,047.57, the Court proceeds with the amount that the billing statements actually provide—$108,516.25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The Real Rate Report provides that, in Los Angeles, partners litigating employment and labor matters have hourly rates ranging from $470 to $753, and associates have hourly rates ranging from $335 to $570. *See* Real Rate Report at 74. Here, Class Counsel charged hourly rates of $525 to $725 for partners and $350 for associates. *See* Hoyer Fees Decl. ¶ 49. Accordingly, the Court accepts Mr. Hoyer's rate of $725, Mr. Hicks' rate of $525, and Ms. Perry's rate of $350 as within the reasonable range charged in the relevant community.

Plaintiff does not adequately detail the prevailing rate for law clerks or litigation support staff to support Ms. Canin's $150 law clerk rate, and the Real Rate Report does not provide information for law clerks or support staff. However, courts in this District have approved similar rates for litigation support staff. *See, e.g., SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-4147 MMM MANx, 2015 WL 12763541, at *22–23 (C.D. Cal. June 22, 2015) (approving hourly rate of $150 to $275 for litigation support staff). Therefore, the Court approves Ms. Canin's hourly rate of $150 as within the range charged in the relevant community.

           *2.  Hours*

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel spent 258.44 hours on this case. *See* Hoyer Fees Decl. ¶ 49. As discussed at length above, the Settlement Agreement was reached after both formal and informal discovery and arm's-length negotiations before a mediator. *See id.* ¶¶ 8–14. Given the duration and scope of this case and the stage to which it progressed before settling, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

the time expended by Class Counsel was reasonable. Accordingly, the Court accepts Class Counsel's proposed lodestar of $108,516.50.

### 3. Lodestar Cross-Check

Class Counsel's lodestar of $108,516.50 is less than the requested award of $158,333.33. Specifically, the requested award represents the lodestar with a multiplier of 1.45.

Courts in this Circuit have approved awards with similar multipliers. *See, e.g.*, *Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *McKenzie v. Fed. Exp. Corp.*, No. CV 10-2420 GAF (PLAx), 2012 WL 2930201, at *10 (C.D. Cal. July 2, 2012) (approving a 3.2 multiplier in a wage-and-hour class action case); *Salgado v. T-Mobile USA, Inc.*, No. 1-17-cv-0339-JLT, 2020 WL 3127931, at *25 (E.D. Cal. June 12, 2020) (finding a multiplier of 5.55 to be too high and reducing attorney awards to equal a 3.70 multiplier).

Moreover, Class Counsel anticipates spending additional time on attending the final approval hearing, communicating with settlement Class Members, and supervising settlement administration, which will drive the true final multiplier under 1.45. *See Hoyer Fees Decl.* ¶ 43.

Accordingly, the Court finds that Class Counsel's requested attorneys' fees are reasonable and supported by both the percentage-of-the-common-fund and lodestar methods. As such, the Court **GRANTS** Plaintiff's motion for $158,333.33 in attorneys' fees.

B. Litigation Costs

In class action settlements, "[a]ttorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1048.

Here, Class Counsel requests reimbursement of $6,715 in expenses. *See Fees Mot*. 20:2–24. This includes expenses that are typically charged to fee-paying clients, including the mediation fee, initial filing and service fees, PAGA notice fee, and the Belaire notice fee. *Id.* 20:13–19. The Court has reviewed the accounting records and is satisfied that the costs are reasonable. Therefore, the Court **GRANTS** Plaintiff's request for costs in the amount of $6,715.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

    C.    <u>Service Award</u>

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). When assessing requests for service awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of a service award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Here, Plaintiff requests a Service Award of $10,000. *Fees Mot.* 20:27–28. The award represents 2% of the Gross Settlement Fund. Plaintiff spent an estimated 120 hours assisting with this case, and her efforts included:

> extensive intake interviews regarding the class and collective claims and allegations; looking for and reviewing relevant company documents; attempting to contact putative class members regarding potential participation in the case; communicating with Class Counsel regarding mediation; participating in mediation preparation and strategy; reviewing and signing the Settlement and related documents; and supporting Plaintiff's motions for preliminary approval and the instant motion. In addition, as the face of the lawsuit, the Class Representative spent numerous hours communicating with other potential witnesses and [Class Members] to aid in the investigation of the case as well as to field questions from the [Class Members] once the Settlement was reached and Notice of the Settlement was distributed.

*Hoyer Fees Decl.* ¶ 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

Plaintiff estimates that participating Class Members will receive, on average, $9,206.99 before taxes. *Fees Mot.* 11:11–13. Therefore, Plaintiff's award represents only 1.09 times the average per-Member recovery. As such, the Court finds the requested Service Award to be reasonable. *See Edwards v. Chartwell Services, Inc.*, No. 16-CV-9187-PSG (KSx), 2018 WL 10455206, at *2, *8 (C.D. Cal. Aug. 27, 2018) (approving a $10,000 service award which was over 25 times the average per-Member recovery in a wage-and-hour class action); *Saldivar v. Priority One Med. Transp. Inc.*, No. CV 09-04789 MMM (CWx), 2011 WL 13213889, at *16 (C.D. Cal. Mar. 22, 2011) (awarding a $5,000 service award which was over nine times the average per-member recovery in a wage-and-hour class action); *Dearaujo v. Regis Corp.*, No. 2:14-CV-01408-KJM-DB, 2017 WL 3116626, at *9, *15 (E.D. Cal. July 21, 2017) (awarding a $15,000 service award which was over 15 times the average per-member recovery in a wage-and-hour class action). Accordingly, the Court **GRANTS** Plaintiff's request for a $10,000 Service Award.

D. Settlement Administration Fees

Plaintiff plans to pay Simpluris approximately $3,750 to administer the Settlement. *Hoyer Final Approval Decl.* ¶ 34. The Court continues to find this request reasonable given the costs for mailed notice and distribution of settlement funds to a class of 31 individuals. *See Ching v. Siemens Indus., Inc.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for 68 claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motions for final approval and for attorneys' fees and costs. Accordingly, it is **HEREBY ORDERED AS FOLLOWS**:

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel is awarded $158,333.33 in attorneys' fees and $6,715 in costs. Additionally, Plaintiff is awarded a $10,000 Service Award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1085 PSG (SHKx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Michelle Nourian Martinez v. Helzberg's Diamond Shops et al. | | |

- The Court approves payment in the amount of $3,750 to Simpluris for settlement administration costs.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED.**